ON MOTION FOR REVIEW OF ORDER DENYING APPELLATE ATTORNEY FEES
BARFIELD, Judge.
When appellee sought appellate attorney fees, relying on sections 766.206(3) and 59.-46, Florida Statutes, we denied the motion. She now seeks to have us reconsider that denial. She argues that the award of attorney fees pursuant to section 766.206(3) is mandatory, asserting that it is “non-disere-tionary and contingent only upon prevailing on the issue of reasonable investigation.” She also contends that section 59.46 is “non-discretionary and would appear to require a mandatory award of fees once entitlement at the trial level is established.” She suggests that in denying her motion, we “may have overlooked or been unaware of the mandatory nature of the attorney’s fee provisions in Sections 59.46 and 766.-206(3) Florida Statutes.” We have overlooked nothing.
Section 766.206(3). provides that if the trial court finds that the response rejecting the medical malpractice claim is not in compliance with the reasonable investigation requirements of chapter 766, the response shall be stricken and
the person who mailed such response, whether the defendant, the defendant’s insurer, or the defendant’s attorney, shall be personally liable for all attorney’s fees and costs incurred during the investigation and evaluation of the claim, including the reasonable attorney's fees and costs of the claimant,
(emphasis supplied). Section 59.46 provides:
In the absence of an expressed contrary intent, any provision of a statute or of a contract entered into after October 1, 1977, providing for the payment of attorney’s fees to the prevailing party shall be construed to include the payment of attorney’s fees to the prevailing party on appeal.
(emphasis supplied).
Section 766.206(3) imposes a limited sanction on the person mailing the noncomplying presuit response to the malpractice claim, making that person personally liable for the reasonable attorney’s fees and costs of the claimant incurred during the investigation and evaluation of the claim. It does not authorize payment of attorney fees to the “prevailing party” as contemplated by section 59.46, which we find inapplicable in this situation.
Appellee not having cited in her motion for appellate attorney fees any legal authority which supports her entitlement to such fees, her motion for review of the denial of that motion is also DENIED.
BOOTH and MINER, JJ., concur.